William B. Groat, J.
The plaintiff in an action to foreclose a mechanic’s lien prevailed after trial and on appeal by the defendant Brill to the Appellate Division and to the Court of Appeals. [See 10 A D 2d 732, 9 N Y 2d 978.] The Appellate Division granted this defendant’s motion for a stay upon the filing of an undertaking in the sum of $1,000. In order to obtain this undertaking, she was required by the surety company to deposit with it a savings and loan bank account having a balance in the sum of $1,000. She now moves upon notice to the surety company and the plaintiff to discharge the bond and obtain the return of her passbook.
Neither the surety company nor the plaintiff opposes the motion. The only opposition is from the purchasers of the property two days after the undertaking was filed. They claim that by reason of their payment of $1,650.56 in excess of the $7,000 deposited in escrow by the defendant Brill on the closing of title, they are entitled to at least $500 in appeal costs taxed against said defendant, by reason of the fact that the undertaking, which is the subject of this motion, recites that it was given pursuant to the provisions of section 598 of the Civil Practice Act, subdivision (a) of which refers to the giving of an undertaking as prescribed by section 593.
These purchasers are neither parties to the action nor to this application, but more important, there is no merit to their con *515 tention. The stay of execution of a judgment for the sale or possession of real property, as provided in section 598 of the Civil Practice Act, contemplates two undertakings, one under section 593 to secure the payment of all costs and damages which may be awarded against the appellant, not exceeding $500, and the other, under section 598 itself, to secure the respondent from waste committed or suffered to be committed by the appellant while the property is in his possession or control and after the judgment is affirmed or the appeal dismissed, and there is a deficiency upon a sale, the appellant£ £ will pay the value of the use and occupation of such property, or the part thereof as to which the judgment * * * is affirmed, from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment * * * not exceeding a specified sum fixed by a judge of the court below.”
Here the only undertaking given was the latter, the terms of which, as stated in the instrument of the American Surety Company, dated July 23, 1959, read as follows: ££ now, therefore, American Surety Company of New York, does hereby undertake that she (defendant) will not, while in possession or control of the property in this action, commit or suffer to be committed any waste thereon; and that if the judgment or order is affirmed or the appeal is dismissed, and there is a deficiency upon a sale, she will pay the value of the use and occupation of said property, or the part thereof as to which the judgment or order is affirmed, from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment or order, up to but not exceeding in all the sum of One Thousand and 00/100 ($1,000.00) Dollars.”
Absent a claim of waste, not here made by anyone, nor indeed possible, since the property was conveyed by the defendant Brill two days after the undertaking was filed, and, therefore, never sold pursuant to the judgment, there can be no liability pursuant to this undertaking. Nor can its terms be stretched to include the undertaking contemplated by section 593, merely because the giving thereof is one of the conditions for the stay provided by section 598. It would seem that in this case the stay of execution contemplated by section 598 never became effective since the undertaking under section 593 was never furnished. The motion is, accordingly, granted.